UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID O. THARP, | : CASE NO. 3:17-cv-01118-AWT |
| Plaintiff, | : |
| v. | : |
| CALIBER HOME LOANS, INC., | : |
| Defendant. | : |
| | JULY 13, 2017 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CALIBER HOME LOANS, INC.'S MOTION TO DISMISS

Defendant Caliber Home Loans, Inc. ("Caliber") hereby submits this memorandum of law in support of its motion to dismiss the complaint dated June 9, 2017 (the "Complaint") filed by Plaintiff David O. Tharp ("Plaintiff"). The Complaint should be dismissed for two reasons. First, this Court lacks subject matter jurisdiction with respect to Plaintiff's claim alleging harm to his unnamed minor daughter because Plaintiff does not have standing to bring that claim in his individual capacity. Moreover, even if Plaintiff had standing, a non-lawyer parent may not represent a minor in a suit without representation by legal counsel. Second, the Complaint should be dismissed because Plaintiff fails to plead the elements of a legally recognized cause of action and, therefore, the Complaint fails to set forth a claim upon which relief can be granted.

I. **FACTUAL AND PROCEDRAL BACKGROUND**

On June 12, 2017, Plaintiff filed the Complaint in the Superior Court for the Judicial District of Tolland, at Rockville ("Superior Court Action"), which was assigned docket number TTD-CV17-5007498-S. On July 7, 2017, Defendant removed the Superior Court Action to this Court. *See* Notice of Removal, Entry No. 1. Plaintiff, the only plaintiff in this action, is named

individually, not as the next friend to the Plaintiff's minor daughter, and is acting *pro se*. See Compl., attached to Notice of Removal as Exhibit A.

The Complaint sets forth very few allegations and it is difficult to understand fully the exact causes of action alleged in the Complaint. It appears that Plaintiff's complaint is based on alleged phone calls to Plaintiff's home telephone. Specifically, Plaintiff alleges that Caliber representatives spoke with his 13-year-old daughter (the "Minor Daughter"), by telephone, causing her harm, which will allegedly require estimated medical treatment in the amount of $2,200,000.00 over the next ten years, and thereafter ignored his requests to provide documentation relating to those calls. Compl. ¶¶ 4, 5 and 6. Plaintiff also alleges that Caliber has failed to pay an invoice he sent seeking payment of $285,400.00 as compensation for 190 alleged "robo calls." *Id*. ¶ 7. As set forth more fully below, these allegations fall well short of supporting a legally sufficient claim upon which relief can be granted.

**II.  ARGUMENT**

    **A.  Plaintiff's Claims Regarding His Minor Daughter Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction.**

In determining whether a complaint should be dismissed for lack of subject matter jurisdiction, the Court is to "accept[s] as true all material factual allegations in the complaint." *Johnson v. Sears Roebuck & Co.*, No. CIVA 3:05CV139 JCH, 2006 WL 3618013, at *1 (D. Conn. Dec. 11, 2006) (quoting *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998)). However, the Court is not required to draw inferences favorable to the non-moving party. *Wu v. Chang's Garden of Storrs, LLC*, No. 3:08CV746(WWE), 2009 WL 3769109, at *3 (D. Conn. Nov. 10, 2009) (citing *Thomson v. Gaskill,* 315 U.S. 442 (1942)); *see Sears Roebuck & Co.*, 2006 WL 3618013, at *1. The party asserting subject matter jurisdiction has the burden

of establishing such jurisdiction by a preponderance of the evidence.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Lack of standing is appropriately addressed by a motion to dismiss pursuant to Rule 12(b)(1) as standing is a question of federal jurisdiction.  Fed. R. Civ. P. 12(b)(1); *McFarlane v. Roberta*, 891 F. Supp. 2d 275, 282 (D. Conn. 2012) (citing *Carver v. City of N.Y.,* 621 F.3d 221, 225 (2d Cir.2010)); *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir.2007).  To survive a motion to dismiss pursuant to Rule 12(b)(1), "[plaintiff] must allege facts that affirmatively and plausibly suggest that it has standing to sue."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citing Fed. R. Civ. P. 12(b)(1)); *see Nat'l Shooting Sports Found. Inc. v. Malloy*, 986 F. Supp. 2d 118, 124 (D. Conn. 2013) (dismissing complaint for lack of standing).

In the Complaint, Plaintiff appears to be asserting a claim for alleged harm to his Minor Daughter (the "Minor Daughter's Claim").  This claim should be dismissed because Plaintiff does not have standing to bring claims on his daughter's behalf in his individual capacity.  Rule 17(b) of the Federal Rules of Civil Procedure provides that whether an individual in a non-representative capacity can sue is governed by the law of his domicile.  Fed. R. Civ. P. 17(b). The state where the court is located governs the capacity of all other non-corporation parties to sue.  *Id.*  Therefore, since this case is pending in Connecticut, the law of Connecticut controls whether Plaintiff may sue on behalf of his Minor Daughter.  *See id.*  Connecticut case law is clear.  A civil action for a minor's claim is only properly brought by her guardian or next friend. *See Botelho v. Curtis*, 28 Conn. Supp. 493, 495–96, (Super. Ct. 1970) (explaining suit must be brought in name of infant, not in name of next friend of infant).  Where a litigant fails to comply with this rule, "[o]rdinarily this would deprive the court of subject matter jurisdiction due to lack

of standing under the common law." *Zulick v. Melnick*, No. WWMCV116003896S, 2012 WL 1090078, at *2 (Conn. Super. Ct. Mar. 1, 2012); *see Tulin v. Tulin,* 124 Conn. 518, 522 (1938) (holding action would properly be brought by mother in the name of her daughter as her next friend).

In this case, Plaintiff did not commence this action on behalf of his Minor Daughter as her guardian or next friend. Instead, he attempted to bring the Minor Daughter's Claim in his own name. This is improper. As noted above, he lacks standing to bring this claim and, therefore, the Court lacks subject matter jurisdiction. *See Botelho*, 28 Conn. Supp. at 495-96. As a result, the Court should dismiss the claim that: (1) Caliber's agents engaged in telephone conversations with the Minor Daughter causing her harm for which she may "never fully recover" and which may result in estimated future treatment in the amount of approximately $2,200,000.00 (Compl. ¶¶ 4 and 6); and (2) Caliber ignored requests to produce documentation regarding communications between Caliber and the Minor Daughter (*Id*. ¶ 5).

Moreover, non-attorney parents are prohibited from bringing suit on behalf of minors without representation by an attorney. *Cheung v. Youth Orchestra Found., Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."); *see Dunbar v. Colasanto*, No. 305CV1234 (CFD), 2006 WL 798883, at *1 (D. Conn. Mar. 24, 2006) ("a non-attorney litigant may not bring suit on behalf of his or her minor children"). Thus, even if the Court finds that Plaintiff has standing to assert the Minor Daughter's Claim in his own name, the claim should be dismissed because his Minor Daughter is not represented by an attorney. *See Cheung*, 906 F.2d at 61 (ordering dismissal if counsel not retained or requested).

### B.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 662 at 677-78 (citing *Twombly*, 550 U.S. at 555-557).  The allegations in the complaint "must raise 'more than a sheer possibility that a defendant has acted unlawfully'" and cannot merely "plead facts that are 'merely consistent with' a defendant's liability." *Telkamp v. Vitas Healthcare Corp. Atl.*, No. 3:15-CV-726 (JCH), 2016 WL 777906, at \*3 (D. Conn. Feb. 29, 2016) (quoting *Iqbal*, 556 U.S. at 679).

Like other litigants, *pro se* litigants are required to satisfy the pleading requirements, and as such, their bald assertions and mere conclusions of law will not survive a motion to dismiss. *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (citing *Ruotolo v. Fannie Mae*, 933 F.Supp.2d 512, 524–25 (S.D.N.Y.2013).  Therefore, a court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Kendall*, 198 F. Supp. 3d at170 (E.D.N.Y. 2016) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.2010)).

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a valid claim for which relief can be granted.  As noted above, a complaint must set forth sufficient facts to set forth the elements of a valid cause of action, and cannot be based on a "sheer possibility" that a defendant has acted unlawfully or facts that are "merely consistent" with potential liability. *Telkamp* 2016 WL 777906, at \*3 (quoting Iqbal, 556 U.S. at 678).

In this case, Plaintiff fails to set forth the elements for any recognized cause of action. While the Complaint is not entirely clear and offers very little in the way of factual allegations, Plaintiff appears to be asserting two main claims against Caliber: (1) the failure to pay an invoice that he sent relating to computer-generated calls to the Plaintiff ("Plaintiff's Claims"); and (2) alleged harm relating to phone conversations between Caliber agents and his Minor Daughter (identified previously as "Minor Daughter's Claims"). Plaintiff, however, fails to allege the legally required elements of a valid cause of action. Instead, he bases the claims solely on the allegations that he sent Caliber a bill for $285,400.00 for 190 "robo calls" and that the bill remains unpaid (Compl. ¶ 7), and on the allegations that Caliber's agents engaged in telephone conversations with his daughter causing her harm from which she may "never fully recover" and that may result in future medical treatment that he estimates to be $2,200,000.00 (*Id*. ¶¶ 4 and 6).[1] These haphazard allegations fall well short of supporting the elements of a legally sufficient claim, and fail to provide Caliber with fair notice of the claims that it is required to defend or the grounds on which they are being brought. *See Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)(b)). In fact, Plaintiff's barebones Complaint is completely devoid of any facts to support a recoverable claim, and is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which cannot survive a motion to dismiss pursuant to Rule 12(b)(6). *See Iqbal*, 556 U.S. 662 at 677-78 (citing *Twombly*, 550 U.S. at 557).[2] As a result, the Complaint should be dismissed pursuant to Rule 12(b)(6).

---

[1] Plaintiff also alleges that an inquiry "was submitted to the […] Federal Bureau of Investigation to determine the existence or absence of criminal activity" (Compl. ¶ 8) but it is unclear how this relates to the other allegations in the Complaint.

[2] The fact that Plaintiff is *pro se* does not excuse him from complying with the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Kendall*, 198 F. Supp. 3d at 170.

-7-

## III.     CONCLUSION

The Court should dismiss the Complaint.  Plaintiff lacks standing to bring a claim for alleged harm to his Minor Daughter in his individual capacity, and therefore, this Court lacks subject matter jurisdiction over the Minor Daughter's Claim.  Moreover, even if Plaintiff had standing, the claim could not be brought unless the Minor Daughter was represented by an attorney.  Further, the Court should dismiss the Complaint in its entirety on the grounds that Plaintiff has failed to allege the elements of a viable cause of action or a legally sufficient claim upon which relief can be granted.

By:     */s/ Thomas J. O'Neill*
Thomas J. O'Neill (ct12971)
*tjoneill@daypitney.com*
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Telephone:  (203) 977-7300
Facsimile:   (203) 977-7301

Andraya B. Pulaski (ct29715)
*apulaski@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
Telephone:  (860) 275-0100
Facsimile:   (860) 275-0343

Attorneys for Defendant Caliber Home Loans, Inc.

-8-

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 13th day of July, 2017, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

   A copy of the foregoing was e-mailed and mailed, via U.S. first class mail, this date to the Plaintiff at the following address:

   David O. Tharp
   49 Old Farms Rd.
   Willington, CT 06279
   *americansentry@snet.net*

              */s/ Thomas J. O'Neill*
              Thomas J. O'Neill (ct12971)