UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID O. THARP, | : | CASE NO. 3:17-cv-01118-AWT |
| Plaintiff, | : | |
| v. | : | |
| CALIBER HOME LOANS, INC., | : | |
| Defendant. | : | OCTOBER 25, 2017 |

**JOINT RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(f) of the United States District Court for the District of Connecticut, the parties David O. Tharp ("Plaintiff") and Caliber Home Loans, Inc. ("Defendant") submit this Joint Rule 26(f) Report of the Parties' Planning Meeting and state as follows:

| | |
|---|---|
| **Date Complaint Filed:** | June 9, 2017 |
| **Date Complaint Served:** | June 9, 2017 |
| **Date of Defendant's Appearance:** | June 28, 2017 |
| **Date of Defendant's Motion to Dismiss**: | July 13, 2017 |
| **Date of Plaintiff's Motion to Remand**: | July 26, 2017 |
| **Date of Defendant's Opposition to Plaintiff's Motion to Remand:** | August 16, 2017 |

**I.     Certification.**

Undersigned counsel and *pro se* Plaintiff certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

### A. Subject Matter Jurisdiction.

1. <u>Plaintiff's position.</u>  The Defendant is fully licensed to operate business within the State of Connecticut through its Agent for Service.  Further, Defendant recently filed suit against the plaintiff in foreclosure action citing their office in California for an amount exceeding $246,000.  Therefore the Defendant cannot claim separate principal places of business for different cases.  Therefore Connecticut is the suitable jurisdiction for this controversy.  Further, Plaintiff does in fact have standing as legal guardian, next friend, and head of household.  (*See* Plf Obj to Mot to Dismiss, Entry No 14)  In addition, the legally recognized cause of action, Defendant is in violation of  15 USC 1692.

2. <u>Defendant's position.</u>  Defendant disagrees with Plaintiff's position.  The Court has jurisdiction over Plaintiff's individual claims against Defendant under 28 U.S.C. § 1332 because the parties are diverse—Plaintiff is a citizen of Connecticut and Defendant is incorporated in Delaware, with its principal place of business in Texas—and the amount alleged to be in controversy exceeds $75,000.00.  (*See* Notice of Removal, Dkt. Entry No. 1; *see also* Def's Opp'n to Pl's Mot. to Remand, Dkt. Entry No. 13.)  The Court lacks subject matter jurisdiction with respect to Plaintiff's claim alleging harm to his unnamed minor daughter (the "Minor Daughter"), who is not a party to the Complaint, because Plaintiff does not have standing to bring said claim in his individual capacity.  (*See* Def's Motion to Dismiss, Dkt. Entry No. 11.)

### B. Personal Jurisdiction.  Personal jurisdiction is not contested.

**III.    Brief Description of the Case.**

       **A.    Plaintiff's Claims.**  In the Complaint, Plaintiff alleges that Defendant's representatives spoke with his Minor Daughter, by telephone, causing her harm, which will allegedly require estimated medical treatment in the amount of $2,200,000.00 over the next ten years, and thereafter ignored his requests to provide documentation relating to those calls. (Compl. ¶¶ 4, 5 and 6.)  Plaintiff also alleges that Defendant has failed to pay an invoice defendant acknowledged receipt of on 8 Dec, 2016 seeking payment of $285,400.00 as compensation for 190 alleged "robo calls."  (*Id*. ¶ 7.)  Plaintiff will be filing a motion to amend the case adding a legally recognized cause of action.

       **B.    Defenses of Defendant.**  Defendant denies Plaintiff's claims.  Also, the Court lacks subject matter jurisdiction with respect to Plaintiff's claim alleging harm to his Minor Daughter.  (*See* Def's Mot. to Dismiss, Dkt. Entry No. 11.)  Moreover, the Complaint fails to plead the elements of a legally recognized cause of action and none of Plaintiff's limited allegations is sufficient to form a claim upon which relief can be granted, therefore, the Complaint should be dismissed as set forth in the motion to dismiss field by Defendant on July 13, 2017 (the "Motion to Dismiss").  Defendant reserves the right to assert additional defenses.

**IV.    Statement of Undisputed Facts.**

      The parties state that the following material facts are undisputed:

        1.    Plaintiff is domiciled in Connecticut.

        2.    Defendant is incorporated in Delaware, with its principal place of business in Texas.

**V.      Case Management Plan.**

    **A.      Standing Order on Scheduling in Civil Cases.**

        1.      Plaintiff's Position.

        2.      Defendant's Position.  Defendant's position is that discovery and the Order on Pretrial Deadlines should be stayed until the Court renders a decision on Defendant's Motion to Dismiss the Complaint.  Defendant proposes that the parties hold a subsequent planning conference within fourteen (14) days of the Court's decision on Defendant's Motion to Dismiss the Complaint, and submit proposed discovery deadlines and any modifications to the Court's Order on Pretrial Deadlines in a Supplemental Rule 26(f) Report to be filed within fourteen (14) days of the subsequent planning conference.

    **B.      Scheduling Conference with the Court.**

        1.      Plaintiff's Position.  Plaintiff requests a scheduling conference with the Court at this time.

        2.      Defendant's Position.  Defendant does not agree with Plaintiff's position. Defendant's position is that a scheduling conference would be more productive after the Court issues a decision on Defendant's Motion to Dismiss the Complaint and does not request a scheduling conference with the Court at this time.

    **C.      Early Settlement Conference.**

        1.      The parties certify that they have considered the desirability of attempting to settle this case before undertaking significant discovery or motion practice.

        2.      The parties are amenable to having an early settlement conference conducted by a magistrate judge.

      3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

    **D.**    **Joinder of Parties and Amendment of Pleadings.**

      1.      Plaintiff does intend to join additional parties or to amend the Complaint and Plaintiff reserves the right to amend the Complaint.

      2.      Defendant reserves the right to oppose any further amendment of Plaintiff's Complaint or Plaintiff's attempt to join additional parties.

      3.      Defendant filed its Motion to Dismiss on July 13, 2017 (Dkt. Entry No. 11). Plaintiff filed his Objection on July 31, 2017 (Dkt. Entry No. 14)

      4.      Plaintiff filed a Motion to Remand on July 26, 2016 (Dkt Entry No. 12). Defendant filed its Objection on August 16, 2017 (Dkt. Entry No. 16).

    **E.**    **Discovery.**

      1.      <u>Plaintiff's Position.</u> Plaintiff asserts that any and all media held on electronic media, recordings, and phone date/timestamp records are easily retrieved and can be turned over for review without any undue burden to defendant.

      2.      <u>Defendant's Position.</u> Defendant does not agree with Plaintiff's position, Defendant maintains that discovery is unduly burdensome and premature at this time given the deficiencies in Plaintiff's Complaint and the pending Motion to Dismiss. Defendant objects to providing initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and conducting discovery while its Motion to Dismiss is pending given the deficiencies in Plaintiff's Complaint. Defendant requests that initial disclosures and all discovery be stayed pending the Court's ruling on that motion, and will be filing a motion to stay discovery. Defendant proposes that the parties hold a

subsequent planning conference within fourteen (14) days of the Court's decision on Defendant's Motion to Dismiss the Complaint, and submit proposed discovery deadlines in a Supplemental Rule 26(f) Report to be filed within fourteen (14) days of the subsequent planning conference.

3. The parties have agreed to preserve all potentially relevant electronically stored information during the pendency of this litigation and agree that determination of search terms and the form of disclosure of electronic information is premature at this time.

4. The parties agree that inadvertent production of privileged or work-product information does not waive any privilege or protection that might otherwise apply. If any party or counsel, as applicable, discovers produced material that appears to be privileged or otherwise protected, he or she will contact the producing party or counsel, who will then determine whether the material is indeed privileged or otherwise protected and, if so, the parties will agree that the material is either destroyed or returned to the producing party. If the parties cannot agree, the document(s) in issue will be submitted to the Court for an in camera inspection and determination. During the pendency of any dispute between the parties concerning the privileged nature of any material or the waiver of the privilege, the receiving counsel or party shall treat such information as privileged and confidential and shall not disclose it.

A party claiming inadvertent disclosure of privileged documents or attorney work product shall notify the opposing party or counsel, as applicable, of the claim with specific identification of the document (or documents) at issue. If a document appears on its face to be within the attorney-client or work product privileges, the document and all copies shall be returned to the requesting party or counsel and shall not be used or referred to in any manner in litigation. If counsel cannot agree as to the privilege status or work product status of the

document, the document at issue will be submitted to the Court for an in camera inspection and determination. During the pendency of any dispute concerning the privilege status of any documents or the waiver of any privilege, the receiving party or counsel for the receiving party, as applicable, shall treat the document and its contents as privileged and confidential and shall not disclose the same.

   **F.**  **Dispositive Motions.** Defendant filed a Motion to Dismiss the Complaint on July 13, 2017. The parties agree to confer on an appropriate schedule for the filing of any further dispositive motions after the Court's decision on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. The parties will provide additional detail in the Supplemental Rule 26(f) Report.

   **G.**  **Joint Trial Memorandum.** The parties agree to confer on an appropriate schedule for the filing of a joint trial memorandum after the Court's decision on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. The parties will provide additional detail in the Supplemental Rule 26(f) Report.

**VI.** **Trial Readiness.**

   The parties agree to confer on when this action will be ready for trial after this Court's decision on the Motion to Dismiss. The parties will provide additional detail in the Supplemental Rule 26(f) Report.

As officers of the Court, the undersigned counsel agree to cooperate with Plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

By:   /s/ Andraya B. Pulaski
Thomas J. O'Neill (ct12971)
*tjoneill@daypitney.com*
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301

Andraya B. Pulaski (ct29715)
*apulaski@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

Attorneys for Defendant Caliber Home Loans, Inc.

The undersigned *pro se* party certifies that he will cooperate with all parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

By:   *David O. Tharp*
David O. Tharp
49 Old Farms Rd.
Willington, CT 06279
*americansentry@snet.net*

Plaintiff David O. Tharp, *pro se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of October, 2017, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

      A copy of the foregoing was mailed, via U.S. first class mail, this date, to the Plaintiff at the following address:

    David O. Tharp
    49 Old Farms Rd.
    Willington, CT 06279
    *americansentry@snet.net*

                                             */s/ Andraya B. Pulaski*
                                              Andraya B. Pulaski (ct29715)

98348719